GARY M. RESTAINO
United States Attorney
District of Arizona

BRETT A. DAY
Assistant United States Attorney
Arizona State Bar No. 027236
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone:  602-514-7500
Email: brett.day@usdoj.gov
Attorneys for Plaintiff

FILED ___ LODGED
___ RECEIVED ___ COPY

FEB 0 1 2023

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ DEPUTY

REDACTED FOR
PUBLIC DISCLOSURE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | No. | CR-23-00137-PHX-DGC (DMF) |
|---|---|---|
| Plaintiff, | | **INDICTMENT** |
| vs. | VIO: | 18 U.S.C. §§ 922(a)(1)(A), 923(a), and 924(a)(1)(D) (Dealing Firearms without a License) Count 1 |
| Thomas Robert Kaiser, | | |
| Defendant. | | 18 U.S.C. §§ 924(d) and 981; 21 U.S.C. §§ 853 and 881; and 28 U.S.C. § 2461(c) (Forfeiture Allegation) |

**THE GRAND JURY CHARGES:**

On or between January 16, 2019 and September 16, 2022, in the District of Arizona, Defendant THOMAS ROBERT KAISER, not being a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, did willfully engage in the business of dealing in firearms.

In violation of Title 18, United States Code, Sections 922(a)(1)(A), 923(a), and 924(a)(1)(D).

**FORFEITURE ALLEGATION**

The Grand Jury realleges and incorporates the allegations of Count 1 of this Indictment, which is incorporated by reference as though fully set forth herein.

Pursuant to 18 U.S.C. §§ 924(d) and 981, 21 U.S.C. §§ 853 and 881, and 28 U.S.C. § 2461(c), and upon conviction of the offenses alleged in Count 1 of this Indictment, the

defendant shall forfeit to the United States of America all right, title, and interest in (a) any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of the offenses, and (b) any of the defendant's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense including, but not limited to the following property involved and used in the offense:

(1) One Century Arms rifle, Model BFT47, 7.62x39mm, SN: BFT47009755;

(2) One Century Arms rifle, Model BFT47, 7.62x39mm, SN: BFT47009862;

(3) One Sig Sauer pistol, Model 365, 9mm, SN: 66F100564;

(4) One Mossberg Shotgun, Model 500, 12 gauge, SN: V1611863;

(5) One BCM rifle, Model BCM4, SN: A061978;

(6) One PWA Commando Rifle, SN: 30049;

(7) One Ruger Mark IV pistol, .22 cal., SN: 500351755;

(8) One Walther pistol, Model P38, SN: 4063;

(9) One Colt Anaconda revolver, .44 magnum, SN: AC211291;

(10) One Ruger 5.7 pistol, 5.5x28mm, SN: 641-95624;

(11) One Kimber Rapide pistol, .45 caliber, SN: K883030;

(12) One Colt King Cobra revolver, .357 magnum, SN: RA271211;

(13) One Colt Python revolver, .357 magnum, SN: PY241492;

(14) One Magnum Research Desert Eagle pistol, .50 caliber, SN: DK0087341;

(15) One Magnum Research Desert Eagle pistol, .44 magnum, SN: DK008754;

(16) One Magnum Research Desert Eagle pistol, .357 magnum, SN: DK0084842;

(17) One Smith & Wesson revolver, Model 17, .22 caliber, SN: DPP5790;

(18) One Tisas pistol, Model Zig M1911, .45 caliber, SN: T060-21Z284442;

(19) One Smith & Wesson pistol, Model SD9VE, 9mm, SN: FBH1781;

(20) One Kalishnikov rifle, Model KR103, 7.62 caliber, SN: K3R0014741;

(21) One Remington rifle, Model 03-A3, 30.06 caliber, SN: 3991309;

(22) One unknown manufacturer, unknown caliber, SN: 36C2918;

(23)    One Ordinance M1 Carbine rifle, .30 caliber, SN: unknown;

(24)    One Springfield Armory M1 Garand rifle, .30 caliber, SN: 3079067;

(25)    One Mauser rifle, 8 mm, SN: M24-47;

(26)    One Mosin Nagant rifle, 7.92x57mm, SN: 528394;

(27)    One Ruger 10-22 rifle, .22 caliber, SN: 0020-87428;

(28)    One Kriss/Vector rifle, 9mm, SN: 919C017625;

(29)    One Acosta Systems Apex rifle, SN: GMA00005; and

(30)    One Gordon Tech/Vector Arms rifle, 7.62x39mm, SN: BM02410.

If any forfeitable property, as a result of any act or omission of any defendant:

(1) cannot be located upon the exercise of due diligence,

(2) has been transferred or sold to, or deposited with, a third party,

(3) has been placed beyond the jurisdiction of the court,

(4) has been substantially diminished in value, or

(5) has been commingled with other property which cannot be divided without difficulty, it is the intent of the United States to seek forfeiture of any other property of said defendant up to the value of the above-described forfeitable property, pursuant to 21 U.S.C. § 853(p).

All in accordance with 18 U.S.C. §§ 924(d) and 981, 21 U.S.C. §§ 853 and 881, 28 U.S.C. § 2461(c), and Rule 32.2, Federal Rules of Criminal Procedure.

A TRUE BILL

*S/*
FOREPERSON OF THE GRAND JURY
Date: February 1, 2023

GARY M. RESTAINO
United States Attorney
District of Arizona

*S/*
BRETT A. DAY
Assistant U.S. Attorney

- 3 -