GARY M. RESTAINO
United States Attorney
District of Arizona

PATRICK E. CHAPMAN
Arizona State Bar No. 025407
Assistant United States Attorney
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone:  602-514-7500
Email: Patrick.Chapman@usdoj.gov
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>        Plaintiff,<br><br>vs.<br><br>Thomas Robert Kaiser,<br><br>        Defendant. | Case No. CR-23-00137-PHX-DGC<br><br>**UNITED STATES' RESPONSE TO DEFENDANT'S SENTENCING MEMORANDUM AND SENTENCING RECOMMENDATION** |

The United States recommends that the Court sentence the defendant to no greater than 24 months of imprisonment, followed by a term of supervised release.

**I.      FACTS**

In August 2016, the defendant came to the attention of ATF following his purchase of 23 firearms, 4 of which law enforcement recovered at crime scenes. (PSR at ¶ 6.) The following month, ATF interviewed the defendant and he admitted to selling firearms to "make some extra money." (*Id*.) He also admitted that he did not have a federal firearms license as required, and that he was selling the firearms online through various websites. (*Id*.) Ultimately, ATF issued the defendant a warning letter, advising him to obtain a relatively inexpensive license if he wished to continue selling firearms for profit. (*Id*.)

In August 2017, agents returned to speak with the defendant at his home for the same conduct. (*Id*. at ¶ 7.) At the time of the second visit, the defendant had purchased 35 total firearms. (*Id*.) The defendant told agents that he did not remember their first visit a

year earlier, but that he was addicted to firearms. (*Id*.) The defendant voluntarily abandoned 10 firearms to agents. (*Id*.) Agents told the defendant that firearms he had purchased and sold were turning up at crime scenes across the country and in Mexico. (*Id*. ¶ 8.) The defendant apologized and ATF issued him another warning letter. (*Id*.)

In January 2019, ATF suspected that the defendant was again selling firearms after additional firearms were recovered at crime scenes. (*Id*. at ¶ 9.) Agents contacted him at his home and the defendant admitted to continuing to sell firearms, telling agents that he had 27 firearms in his house. (*Id*. at ¶ 9.) The defendant admitted to selling a firearm as recently as the week prior for $100 profit. (*Id*.) Agents issued the defendant a third warning letter for dealing firearms without a license. (*Id*.)

In March 2021, agents were yet again made aware of more firearms purchases and recoveries associated to the defendant. (*Id*. at ¶ 10.) Agents contacted the defendant at his home, but the defendant declined to let agents inside. (*Id*.) Following this visit, the defendant purchased an additional 60 firearms. (*Id*. at ¶ 12.) On September 16, 2022, agents executed a search warrant at the defendant's residence, seizing 30 firearms. (*Id*.) When interviewed, the defendant admitted to selling firearms without a license, telling agents he had been doing so since 2016. (*Id*. at ¶ 13.) He also acknowledged the numerous warnings he was given by ATF. (*Id*. at ¶ 12.)

In total, the defendant purchased at least 123 firearms through various dealers with the intent to sell them for profit. (*Id*. at ¶ 14.) Of those firearms, 31 have been recovered at various crime scenes in the United States and Mexico. (*Id*. at ¶ 11.) On February 1, 2023, the defendant was indicted on one count of Dealing Firearms without a License under 18 U.S.C. § 922(a)(1)(A).

## II.     PRESENTENCE REPORT GUIDELINES CALCULATION

The government agrees with the PSR's guidelines calculation of Level 17, Criminal History Category I, and 24-30 months of imprisonment, following adjustments for the number of firearms and acceptance of responsibility. (PSR at ¶ 20, 26–27.) The PSR recommends a sentence of 24 months' imprisonment. (*Id*. at p. 13.)

### III.    ANALYSIS

The government recommends that this Court sentence the defendant to no greater than 24 months' imprisonment followed by supervised release. This recommendation is appropriate for several reasons. First, the defendant's conduct in this offense warrants such a sentence. The defendant purchased a large number of firearms and recklessly sold them through websites to any willing buyer. These firearms ended up at numerous crime scenes in the United States and Mexico. Most offensive, however, is the fact that ATF warned the defendant numerous times about his conduct, telling him that his firearms were being used and recovered at scenes as distant as Mexico. The defendant appeared to express remorse for the crime scene recoveries, telling agents he was sorry. Despite being put on notice of the firearm recoveries, the defendant continued to flip firearms. This conduct warrants incarceration.

The government acknowledges the defendant's age, health, and family circumstances as possible mitigation. Further, given the conduct after multiple warnings, there may be underlying mental health issues that have not been explored. Notwithstanding, the scale and extreme recklessness of the defendant's conduct outweighs such mitigation, given the potential for the firearms to be used in acts of violence.

Finally, the government's recommended sentence avoids unwarranted sentencing disparities. According to the Judiciary Sentencing Information (JSIN), from 2018 to 2022, there were 788 defendants who were sentenced under USSG § 2K2.1 with a Total Offense Level of 17 and Criminal History Category of I. (*See* https://jsin.ussc.gov/analytics/saw.dll?Dashboard.) Of those 788, 661 defendants were sentenced to prison, for an average length of 21 months and median length of 24 months. (*Id*.) Thus, the government's recommended sentence accords with sentences of similarly situated defendants.

### IV.    CONCLUSION

The government's sentencing recommendation is appropriate in light of the defendant's conduct and mitigation, and when compared to similarly situated defendants.

Accordingly, the United States recommends that the Court sentence the defendant to no greater than 24 months' imprisonment.

Respectfully submitted this 4th day of September, 2023.

GARY M. RESTAINO
United States Attorney
District of Arizona

 s/ Patrick E. Chapman
PATRICK E. CHAPMAN
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on the foregoing date, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing a copy to the following CM/ECF registrant:

*Colin O'Sullivan, Attorney for Defendant*

*/s/ P. Chapman*
U.S. Attorney's Office

- 4 -